STROUD *v*. AMERICAN NATIONAL BANK OF ROGERS.

Opinion delivered April 30, 1923.

1. CONTINUANCE—AMENDMENT OF COMPLAINT.—In an action against the maker and an indorser of a note, an amendment of the complaint by inserting, after the allegation that the indorser had indorsed the note in blank for valuable consideration, the words "and at the time of delivery," did not change the issue or cause of action, so as to entitle the indorser to a continuance.

2. BILLS AND NOTES—LIABILITY OF MAKER AND INDORSER.—The maker and an indorser of a note are initially liable for its payment, regardless of whether the note is secured by collateral.

3. BILLS AND NOTES—INDORSEMENT—DEFENSE.—To a suit upon a note against an accommodation indorser thereof it is no defense that the holder of the note has colluded with the maker to make

the indorser pay when the holder holds collateral out of which it might make its money.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Sullins & Ivie,* for appellant.

The court erred in denying appellant's motion for a continuance and also in sustaining the demurrer to paragraphs 5 and 6 of the answer and striking out amended paragraph 6. Should not have permitted appellee to amend complaint by interlineation to allege that appellant indorsed the note at the time of its execution and delivery, thereby, in effect, changing the cause of action. 103 Ark. 473; 80 Ark. 285. The uniform negotiable instrument law changes the rule of the above cases. 8 C. J. 75, § 12. The court erred in directing a verdict. 82 Ark. 86; 86 Ark. 27; 95 Ark. 144; 97 Ark. 490; 99 Ark. 49.

*Duty & Duty,* for appellee.

The amendment to the complaint by interlineation was not prejudicial, since it only expressed the legal effect of the allegation before amendment made. Neither paragraph 5 or 6 of the owner stated a defense, nor did 6 after amendment, and no error in sustaining demurrer and motion to strike. 77 Ark. 55; 145 U. S. 205; Jones on Pledges, § 606. No proper showing made for continuance nor error committed in denying motion therefor. Rule in this State early promulgated allowing joint action against maker and indorser where making and indorsing of note were simultaneous acts. 15 Ark. 511; 17 Ark. 454; 24 Ark. 511; 94 Ark. 333; 124 Ark. 154; 3 R. C. L., 1135, § 350. Not changed by negotiable instrument law. Sec. 7830, Crawford & Moses' Digest. Appellant was in fact the maker of the note, and writing his name across the back of the note when it was executed and before delivery constituted him a joint maker. Cases *supra* and 180 S. W. 500; 34 Ark. 524; 80 Ark. 285; 77 Ark. 53; 14 L. R. A. (N. S.) 842, 3 R. C. L. 1127, § 342. There was no dispute about the facts, and the verdict

was properly directed. 104 Ark. 267; 114 Ark. 574; 89 Ark. 24.

HUMPHREYS, J.   Appellee instituted suit against appellant and J. M. Henderson in the circuit court of Benton County to recover a balance of $4,000 principal and $74.80 interest, upon the following note:

"$4,500.00                                        No. 2485.

"Rogers, Ark., Dec. 31, 1920.

"Feb. 1, 1921, after date————promise to pay to the order of the American National Bank at the office of the American National Bank in the city of Rogers, Arkansas, forty-five hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest from maturity at the rate of 8 per cent. per annum, having deposited and pledged the American National Bank as security for the payment of this note and other indebtedness, whether as principal debtor or otherwise, due to the holder hereof

"O. K. Truck Co. stock certs. No. 4443 (41 shares).
"O. K. Truck Co. stock certs. No. 3122 (431).

"Collaterals in their possession now, or hereafter, or any substitute therefor.

"Now, in the event of the nonpayment of this note at maturity, or any other indebtedness due the holder hereof as aforesaid, the holder hereof is hereby invested with full authority to use, transfer, hypothecate, sell or convey the said collaterals, or any substituted for or added to the above, or any part thereof, or to cause the same to be done, at public or private sale, with or without notice or demand of any sort, at such place and on such terms as the holder hereof may deem best, and the holder of this notice is authorized to purchase said collaterals when sold for his or its own protection; and the proceeds of such sale, transfer or hypothecation shall be applied to the payment of this note, together with all protests, damages, interest, costs and charges due upon the note, or incurred by reason of its nonpayment when

due, or in the execution of this power. The surplus, if
any, after payment of this note, together with all charges
above stated, shall be paid to the drawer of the note, or,
at the election of the holder thereof, be paid on any other
obligation of the drawer thereof, whether as principal
debtor or otherwise, held by the holder thereof; and, if
the proceeds of the above sale shall not be sufficient to
pay this note, the drawer hereof agrees to make good
any deficit. In case of depreciation in the market value
of any security pledged for this obligation I agree to
furnish, on demand, additional security as and when de-
manded by the holder of this note.

                                   "J. M. HENDERSON.

          (Note indorsed on back as follows):

              "H. L. STROUD."

Indorsement on interest:

    "2-1_____1921    $_____to April 1, 1921.
    "4-1_____1921    $_____to April 1, 1921.
    "       _____191     $_____to _____191 .
    "April 1, 1921, By cash $500.
    "July 22, 1921, Ex. 60 days.
    "Aug. 22, int. pd. 30 days.
    "9-15, int. pd. 30 days.
    "Int. pd. to 10-1-21.
    "12-30, int. pd. 90 days to 1-122."

    The original complaint filed by appellee contained
the following paragraph, which constituted the gist of
the action:

    "Plaintiff states that on December 31, 1920, the de-
fendant, J. M. Henderson, made, executed, and delivered
to the plaintiff his promissory note in the sum of $4,500,
due February 1, 1921, and that the defendant, H. L.
Stroud, indorsed said note in blank for a valuable con-
sideration, and that the money represented by said note,
which was borrowed from this plaintiff, went to the de-
fendant, H. L. Stroud, a copy of which note is hereto
attached, marked Exhibit 'A' and made a part of this

complaint and pleaded with the same force and effect as if specifically set out herein.''

Appellant filed an answer denying the allegations embraced in said paragraph, and as additional defenses pleaded matter contained in paragraphs numbered 5 and 6. which are as follows:

"(5) Defendant, for further answer. herein, alleges that said note sued on herein is a collateral note, and that said note shows on its face that it is a collateral note, and that same is secured by considerable collateral security which plaintiff has failed and refused to dispose of, or attempt to dispose of, in any manner, for the payment of said note, although repeated demands had been made by this defendant upon plaintiff to dispose of said security in the way and manner provided for in this note.''

"(6) Said defendant, for further answer, herein alleges that said plaintiff and defendant, J. M. Henderson, colluded together for the purpose of assisting said defendant, Henderson, and in evading the payment of said note, and for the fraudulent purpose of forcing this defendant to pay same.''

A special demurrer was filed to each of the paragraphs upon the ground that neither stated a defense, which demurrer was sustained by the court over the objection of appellant. At the same time appellee was permitted to amend the paragraph of the complaint set out above by inserting the words "and at the time of delivery'' immediately after the word "consideration.'' Appellant then amended said paragraphs 5 and 6 of his answer to read as follows:

"(5) Defendant, further answering herein, alleges that the note sued on herein is secured by collateral security as shown from the face thereof, and that said plaintiff still has in its hands said collateral security, and has wholly failed and refused and still refuses to foreclose or sell or dispose of said collateral security for the

payment of said note, but is holding and claiming said collateral security as its own, which collateral security is worth as much or more than the face value of the note sued on herein, and that the same should be credited upon said note, which would pay said note in full, and this defendant therefore pleads payment of said note as against him as indorser on the note sued on herein.

"(6) This defendant further alleges that said plaintiff and defendant, J. M. Henderson, principal debtor on the note sued on herein, have fraudulently and corruptly and unlawfully conspired and colluded together in the filing and prosecuting this suit as against this defendant, and that said plaintiff is holding said collateral security in an unlawful attempt to make this defendant, as indorser, pay said note and then to turn said collateral back to said defendant, J. M. Henderson, principal debtor on said note, and that, by reason of said unlawful and fraudulent conspiracy and collusion, that this defendant, as indorser aforesaid, should be released as such indorser, and that this cause as to this defendant be transferred to the chancery docket, which has the exclusive jurisdiction and protection of this defendant, under the facts as herein alleged." On motion of appellee paragraph 6 of the answer was stricken out, over the objection of appellant. Appellant then moved the court to continue the case for the alleged reason that the amendment, by interlineation of the words "and at the time of the delivery," changed the issue or cause of action. We think not. The note itself was made the basis of the action and controlled the allegations of the complaint. The note stood for itself, and appellant should have made preparation to interpose and establish all defenses he had thereto.

After the motion for continuance was overruled, the cause was submitted upon the issues joined and testimony adduced by appellee, which was, in substance, to the effect that the note sued upon was executed by J. M. Henderson and signed across the back by appellant.

H. L. Stroud, at and before the time of delivery, and that the money borrowed thereon was borrowed for and received by said H. L. Stroud. At the conclusion of the evidence appellee asked the court to direct the jury to return a verdict in its favor for the balance due upon the note, which request was granted, over the objection of appellant. The jury thereupon returned a verdict in favor of appellee for $4,074.80, and a judgment was rendered in accordance therewith. From the verdict and judgment an appeal has been duly prosecuted to this court.

Appellant contends that the court erred in sustaining a special demurrer to paragraphs 5 and 6 of his original answer. We think not. The matter set up in the paragraphs did not constitute a defense for either maker or indorser of the note. A maker is initially liable for, and an indorser is a guarantor of, payment. Both are liable, irrespective of whether the note signed by them is secured by collateral. In the instant case appellee had a right to proceed against either or both, and to collect its money out of either or both of them. Appellee had the privilege of selling the collateral and applying the proceeds upon the note, but it was not bound to do so. It was no answer to the suit upon the note to say that the bank held collateral out of which it might make its money, or that the bank had colluded with the maker to compel him to pay the note. If appellant was merely an indorser for accommodation, as contended, he could have protected himself by paying the note and asking to be subrogated to the rights of the bank against the maker, and to the collateral. For the same reason given above it was not error to strike out the 6th paragraph of appellant's answer as amended.

Appellant's next and main contention for reversal is that the adoption of the negotiable instruments law in Arkansas changed the rule to the effect that one who signs a note on the back, at or before its delivery to the payee, becomes a joint maker thereof. Sections 7829-

7830 of Crawford & Moses' Digest are cited by appellant in support of this contention. It is unnecessary for us to determine what effect the passage of the negotiable instruments law had upon the rule alluded to. Appellee has pleaded no defense to the suit upon the note, either as maker or indorser, except the plea of payment, which was not sustained by any substantial evidence. There was no evidence tending to show that the collateral had been sold or appropriated by the bank. Appellant did not plead or prove the failure of notice of nonpayment of the note or any other defense which would acquit an indorser. The defense of payment having failed for lack of proof and no other valid defense having been pleaded or proved, the court did not err in instructing a verdict against appellant.

The judgment is affirmed.